

1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

7
8
9  LYNN RAY GRIM,                              )
                                               )
10             Petitioner,                     )        3:06-cv-00622-RCJ-VPC
                                               )
11  vs.                                        )
                                               )        **ORDER**
12  JACK PALMER, *et al.*,                     )
                                               )
13             Respondents.                    )
   _____/
14

15        This action is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed by a

16  Nevada prisoner represented by counsel.  This action comes before the Court on the merits of the

17  amended petition.

18  **I. Background**

19        On December 6, 2002, petitioner pled guilty to sexual assault on a child. (Exhibit 25).[1]  On June

20  20, 2003, petitioner was sentenced to life in prison with the possibility of parole after 20 years. (Exhibit

21  26).  Judgment was entered on February 13, 2003. (Exhibit 27).  Petitioner appealed the judgment.

22  (Exhibit 33).  On June 4, 2004, the Nevada Supreme Court affirmed the district court's judgment.

23  (Exhibit 39).

24        Petitioner filed a habeas petition and a supplement to the petition, in state district court on

25  November 30, 2004. (Exhibits 44 and 51).  On November 28, 2005, the district court denied the habeas

26  _____

        [1]  The exhibits referenced in this order are found in the Court's record at Docket #15-17.

1   petition. (Exhibit 52). Petitioner appealed from the denial of his petition. (Exhibit 54). On October

2   10, 2006, the Nevada Supreme Court affirmed the district court's denial of the state habeas petition.

3   (Exhibit 58).

4        This Court received petitioner's *pro se* federal habeas petition on November 13, 2006. (Docket

5   #1). By order filed February 1, 2007, the Court appointed counsel for petitioner and directed the filing

6   of an amended petition by newly-appointed counsel. (Docket #8). On July 24, 2007, through counsel,

7   petitioner filed an amended petition. (Docket #14). An answer was filed on December 21, 2007.

8   (Docket #25). Petitioner's reply was filed June 19, 2008. (Docket #30).

9   **II. Federal Habeas Corpus Standards**

10       The Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. § 2254(d), provides

11   the legal standard for the Court's consideration of this habeas petition:

12                An application for a writ of habeas corpus on behalf of a person
      in custody pursuant to the judgment of a State court shall not be granted

13       with respect to any claim that was adjudicated on the merits in State court
      proceedings unless the adjudication of the claim –

14

15                (1) resulted in a decision that was contrary to, or involved an
      unreasonable application of, clearly established Federal law, as
      determined by the Supreme Court of the United States; or

16

17                (2) resulted in a decision that was based on an unreasonable
      determination of the facts in light of the evidence presented in the State
      court proceeding.

18

19       The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in

20   order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the

21   extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693-694 (2002). A state court decision is

22   contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "if

23   the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases"

24   or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the

25   Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent."

26   ///

2

1 │ *Lockyer v. Andrade,* 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor,* 529 U.S. 362, 405-406 (2000)
2 │ and citing *Bell v. Cone,* 535 U.S. 685, 694 (2002)).

3 │     A state court decision is an unreasonable application of clearly established Supreme Court
4 │ precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct governing
5 │ legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts
6 │ of the prisoner's case." *Lockyer v. Andrade,* 538 U.S. at 75 (quoting *Williams,* 529 U.S. at 413). The
7 │ "unreasonable application" clause requires the state court decision to be more than merely incorrect or
8 │ erroneous; the state court's application of clearly established federal law must be objectively
9 │ unreasonable. *Id.* (quoting *Williams,* 529 U.S. at 409).

10 │     In determining whether a state court decision is contrary to, or an unreasonable application of
11 │ federal law, this Court looks to the state courts' last reasoned decision. *See Ylst v.*
12 │ *Nunnemaker,* 501 U.S. 797, 803-04 (1991); *Shackleford v. Hubbard,* 234 F.3d 1072, 1079 n.2 (9th Cir.
13 │ 2000), *cert. denied,* 534 U.S. 944 (2001). Moreover, "a determination of a factual issue made by a State
14 │ court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the
15 │ presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

16 │ **III. Discussion**

17 │     **A. Grounds One and Two**

18 │     Ground One of the amended petition alleges the following: "The police used coercive tactics to
19 │ obtain Grim's incriminating statements and failed to advise him of his <u>Miranda</u> rights in violation of his
20 │ Fifth, Sixth, and Fourteenth Amendment rights guaranteed by the United States Constitution."
21 │ (Amended Petition, at p. 8).

22 │     Ground Two of the amended petition alleges the following: "The trial court abused its discretion
23 │ in refusing to grant Grim's request for a short continuance to allow his newly retained counsel to prepare
24 │ his prepare his case and to obtain a material defense witness. The trial court's denial of the request
25 │ deprived Grim of his right to counsel pursuant to the Fifth, Sixth, and Fourteenth Amendments to the
26 │ United States Constitution." (Amended Petition, at p. 11).

1    In *Tollett v. Henderson*, the United States Supreme Court held that:

2        [A] guilty plea represents a break in the chain of events which has preceded it in
         the criminal process. When a criminal defendant has solemnly admitted in open
3        court that he is in fact guilty of the offense with which he is charged, he may not
         thereafter raise independent claims relating to the deprivation of constitutional
4        rights that occurred prior to the entry of the plea.

5    *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). The Nevada Supreme Court rejected petitioner's claims

6    that the trial court erred by denying appellant's motion to suppress statements made to the police and

7    that the trial court erred by denying a continuance. (Exhibit 39, at p. 1). The basis of rejecting these

8    claims was as follows:

9        This court has stated that an appellant may not raise challenges to events
         that preceded a guilty plea: "[A] guilty plea represents a break in the
10       chain of events which has preceded it in the criminal process . . . . [A
         defendant] may not thereafter raise independent claims relating to the
11       deprivation of constitutional rights that occurred prior to the entry of the
         guilty plea." (Footnote 1: <u>Webb v. State</u>, 91 Nev. 469, 470, 538 P.2d 164,
12       165 (1975) (quoting <u>Tollett v. Henderson</u>, 411 U.S. 258, 267 (1973)).

13
     (Exhibit 39, at pp. 1-2). Under *Tollett*, petitioner cannot raise Grounds One and Two of the amended
14
     petition, which are independent constitutional claims of events that occurred prior to entry of the guilty
15
     plea. Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or
16
     involved an unreasonable application of, clearly established federal law, as determined by the United
17
     States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light
18
     of the evidence presented in the state court proceeding. This Court will deny habeas relief as to Ground
19
     One and Ground Two.
20
         **C. Ground Three**
21
         Ground Three of the amended petition alleges ineffective assistance of counsel, with three sub-
22
     claims. (Amended Petition, at p. 13).
23
     ///
24
     ///
25
     ///
26

4

1    **1. Ground 3(a)**

2    "Trial counsel failed to request an additional psychological evaluation of Grim for the purpose

3    of determining his competency to freely, intelligently and voluntarily give a statement to the police."

4    (Amended Petition, at p. 13). As to this claim, the Nevada Supreme Court ruled:

5    First, appellant claimed counsel was ineffective for failing to request
     psychological evaluations of the victim and her family, as well as an
6    additional psychological evaluation of appellant. Appellant failed to
     demonstrate counsel's performance was deficient or prejudiced him.
7    Appellant failed to demonstrate that such requests would have been
     successful. Appellant also failed to state what evidence would have been
8    produced by psychological evaluations that would have prevented him
     from pleading guilty. Accordingly, we conclude that the district court did
9    not err in denying the claim.

10   (Exhibit 58, at pp. 2-3) (footnotes omitted). The Nevada Supreme Court used the correct legal standard,

11   *Strickland v. Washington,* 466 U.S. 668 (1984), in analyzing petitioner's ineffective assistance of

12   counsel claims.

13   The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner has

14   failed to meet his burden of proving that the state court's ruling was contrary to, or involved an

15   unreasonable application of, clearly established federal law, as determined by the United States Supreme

16   Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence

17   presented in the state court proceeding. This Court will deny habeas relief as to Ground 3(a).

18   **2. Ground 3(b)**

19   "Counsel misrepresented the number of years Grim would serve should he enter a plea of guilty

20   to the charges, rendering the plea involuntary." (Amended Petition, at p. 14). The Nevada Supreme

21   Court ruled on the merits of this claim as follows:

22   Third, appellant claimed counsel was ineffective for inducing his guilty
     plea by promising him he would serve only seven years. This claim is
23   belied by the record. At the plea canvass, appellant stated he had not
     been promised any particular sentence and understood the sentence was
24   up to the district court. Accordingly, we conclude the district court did
     not err in denying this claim.

25   (Exhibit 58, at pp. 3-4) (footnotes omitted). The factual findings of the state court are presumed correct.

26

5

1    28 U.S.C. § 2254(e)(1).  Petitioner has failed to meet his burden of proving that the state court's ruling

2    was contrary to, or involved an unreasonable application of, clearly established federal law, as

3    determined by the United States Supreme Court, or that the ruling was based on an unreasonable

4    determination of the facts in light of the evidence presented in the state court proceeding.  This Court

5    will deny habeas relief as to Ground 3(b).

6        **3. Ground 3(c)**

7        "Counsel erroneously advised Grim to plea to sexual assault in exchange for the state's

8    agreement to dismiss the court of lewdness when Grim could not be convicted of both lewdness and

9    sexual assault because those charges merged."  (Amended Petition, at p. 14).  As to this claim, the

10   Nevada Supreme Court ruled:

11           Eighth, appellant claimed counsel was ineffective for advising him to
             plead guilty to sexual assault in exchange for the State's agreement to
12           dismiss a count of lewdness with a child under the age of fourteen.
             Specifically, appellant claimed that the two counts were redundant and
13           would have merged.  Lewdness and sexual assault are redundant only
             when they are part of the same act.  Our review of the record on appeal
14           reveals that the charges did not encompass the same act, but involved
             separate and distinct allegations relating to appellant's actions.
15           Accordingly, we conclude that the district court did not err in denying this
             claim.
16
                                        * * *
17

18           Appellant further claimed that his guilty plea was not knowingly and
             voluntarily entered.  A plea is presumptively valid, and the petitioner
19           carries the burden of establishing that the plea was not entered knowing
             and intelligently.  Further, this court will not reverse a district court's
20           determination concerning the validity of a plea absent a clear abuse of
             discretion.  In determining the validity of a guilty plea, this court looks to
21           the totality of the circumstances.

22           Appellant claims his guilty plea was invalid due to his counsel's
             ineffectiveness.  As stated above, counsel was not ineffective.  Appellant
23           also claimed he cannot read and did not understand that he would serve
             at least twenty years in prison.  These claims are belied by the record.  At
24           the sentencing hearing, appellant affirmed that he had read and signed a
             guilty plea memorandum and had not promised any particular sentence.
25           The guilty plea memorandum appellant signed and the district court's
             statements at the plea canvass together sufficiently advised appellant that
26           he would spend at least 20 years to life in prison and that he would be
             potentially subject to restriction for the rest of his life.

                                          6

1    (Exhibit 58, at pp. 5-7) (footnotes omitted). The factual findings of the state court are presumed correct.

2    28 U.S.C. § 2254(e)(1).  Petitioner has failed to meet his burden of proving that the state court's ruling

3    was contrary to, or involved an unreasonable application of, clearly established federal law, as

4    determined by the United States Supreme Court, or that the ruling was based on an unreasonable

5    determination of the facts in light of the evidence presented in the state court proceeding.  This Court

6    will deny habeas relief as to Ground 3(c).

7    **IV.  Certificate of Appealability**

8         In order to proceed with his appeal, petitioner must receive a certificate of appealability.  28

9    U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1;  *Allen v. Ornoski*, 435 F.3d 946, 950-951 (9th

10   Cir. 2006);  *see also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001).  Generally, a

11   petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a

12   certificate of appealability. *Id.*; 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

13   "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the

14   constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484).  In order to meet this

15   threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among

16   jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to

17   deserve encouragement to proceed further.  *Id.*

18        Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section 2254

19   and 2255 Cases, district courts are required to rule on the certificate of appealability in the order

20   disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal

21   and request for certificate of appealability to be filed.  Rule 11(a).  This Court has considered the issues

22   raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of

23   appealability, and determines that none meet that standard.  The Court will therefore deny petitioner a

24   certificate of appealability.

25   ///

26   ///

7

**V. Conclusion**

   **IT IS THEREFORE ORDERED** that the amended petition for a writ of habeas corpus is **DENIED IN ITS ENTIRETY**.

   **IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

   **IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT ACCORDINGLY.**

   Dated this 4th day of March, 2010.

                                   UNITED STATES DISTRICT JUDGE

8