1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

LYNN RAY GRIM,                          )
                                        )
                Petitioner,             )          3:06-cv-00622-RCJ-VPC
                                        )
vs.                                     )
                                        )          **ORDER**
JACK PALMER, *et al.*,                  )
                                        )
                Respondents.            )
_____/

        This closed action is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed by a Nevada prisoner represented by counsel.  Before the Court are three motions: (1) petitioner's *pro se* motion to re-open this case (ECF No. 41); (2) the Federal Public Defender's motion to withdraw as counsel of record for petitioner (ECF No. 42); and (3) petitioner's *pro se* motion for the appointment of new counsel (ECF No. 44).

        By order filed March 8, 2010, this Court denied the amended petition on the merits.  (ECF No. 33).  Judgment was entered the same date.  (ECF No. 34).  This Court denied petitioner a certificate of appealability.  (ECF No. 33).  Petitioner filed a notice of appeal on April 7, 2010.  (ECF No. 35).  On September 12, 2011, the Court of Appeals for the Ninth Circuit denied petitioner's application for a certificate of appealability.  (ECF No. 38).  Petitioner then petitioned the United States Supreme Court for a writ of certiorari, and the petition was denied by notice filed February 24,

2012.  (ECF No. 40).

On July 31, 2012, petitioner filed a *pro se* motion to reopen this case based on alleged ineffectiveness of his federal habeas counsel.  (ECF No. 41).  Respondents oppose petitioner's motion.  (ECF No. 43).  In petitioner's motion to reopen this action, his argument is that his federal habeas counsel did not investigate and present a claim of actual innocence as he would have liked.  (ECF No. 41, at pp. 1-2).  In support of these allegations, petitioner attaches three letters concerning his requests for documents, all dated long after the entry of judgement in this case.  (*Id.*, at pp. 7-11).  The Court construes petitioner's motion to reopen his case as a Rule 60(b) motion.  Rule 60(b) allows a district judge to provide equitable relief from final judgment when the integrity of the proceeding has been compromised.

When a Rule 60(b) motion "seeks to add a new ground for relief" whether similar to or different from the claims raised in the first federal habeas petition, the motion should be treated as a second or successive petition.  *Gonzales v. Crosby*, 545 U.S. 524, 532 (2005).  As an example of such a motion, the *Gonzales* Court cited *Harris v. United States*, 367 F.3d 74, 80 (2d Cir. 2004), in which a habeas petitioner sought to reopen his habeas proceeding because his attorney ineffectively failed to raise a claim.  As noted in *Gonzales*, "an attack based on . . . habeas counsel's omissions . . . ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably."  *Gonzales*, 545 U.S. at 532 n.5.  Therefore, a Rule 60(b) motion that presents a new claim for relief must be dismissed as a successive petition unless it relies on either a new rule of constitutional law or newly discovered facts pursuant to 28 U.S.C. 2244(b)(2).  *Id.* at 532-33.

In the instant case, petitioner seeks the very action prohibited by Gonzales, to reopen his federal proceeding so that he can litigate a claim that the alleged ineffectiveness of his habeas counsel prevented him from litigating.  However, petitioner's motion to reopen does not challenge the integrity of the proceeding, and petitioner has not shown that he can satisfy the successive petition requirements of 28 U.S.C. § 2244(b)(2).  Moreover, petitioner has not received an order

from the appropriate court of appeals authorizing him to file a successive petition as required by 28 U.S.C. § 2244(b)(3)(A). As such, this Court lacks jurisdiction to proceed and will dismiss petitioner's motion to reopen as a successive petition. *See Gonzales*, 545 U.S. at 532-33.

On August 9, 2012, Debra Bookout, Assistant Federal Public Defender, filed a motion to withdraw as counsel of record for petitioner. (ECF No. 42). By order filed February 1, 2007, this Court originally appointed the Office of the Federal Public Defender to represent petitioner in this habeas action. (ECF No. 8). Assistant Federal Public Defender Debra Bookout litigated this action fully, and after this Court denied the amended habeas petition, counsel filed a notice of appeal and request for a certificate of appealability, which was denied by the Ninth Circuit Court of Appeals. (ECF Nos. 33, 38).

The motion to withdraw as counsel details that, on July 31, 2012, petitioner Lynn Ray Grim filed a *pro se* motion to reopen the case, in which he claims that Assistant Federal Public Defender Debra Bookout "misrepresented the interests of her client . . . when she chose not to investigate, interview any alleged victims, former counsel, or anyone involved in the case against Mr. Grim." (ECF No. 41, at p. 1). The Court agrees that petitioner's claims regarding Bookout's ineffective assistance have placed counsel in a position adverse to the interests of petitioner, creating an irreconcilable conflict. The Court notes that Bookout served her motion to withdraw on petitioner at his current address of record, but petitioner did not oppose the motion. "The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." Local Rule 7-2(d). Moreover, given the circumstances presented, specifically, petitioner's allegations that attorney Bookout has "misrepresented" his interests, the Court finds it in the interests of justice to grant the motion to withdraw as counsel for petitioner.

Finally, on September 19, 2012, petitioner filed a motion for the appointment of counsel in this case. (ECF No. 44). As explained earlier in this order, this action is closed and petitioner's motion to reopen is denied as a successive petition. The appointment of counsel in such circumstances is unwarranted. The motion is denied.

1    **IT IS THEREFORE ORDERED** that petitioner's motion to reopen this case (ECF No. 41)

2  is **DENIED**.

3    **IT IS FURTHER ORDERED** that Assistant Federal Public Defender Debra Bookout's

4  motion to withdraw as petitioner's attorney of record (ECF No. 42) is **GRANTED.**  The Office of

5  the Federal Public Defender is relieved as counsel for petitioner for all purposes.

6    **IT IS FURTHER ORDERED** that petitioner's motion for the appointment of counsel (ECF

7  No. 44) is **DENIED.**

8    **IT IS FURTHER ORDERED** that petitioner shall file no further documents or motions in

9  this closed action.

10    Dated this 25th day of March, 2013.

11

12    _____

13    UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

4